# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### EVANSVILLE DIVISION

| | |
|---|---|
| JOHN ELUFORD CHIVALIER, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| REGENT UNIVERSITY, | CASE NO.   3:17-CV-00039 |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JOHN ELUFORD CHIVALIER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of REGENT UNIVERSITY ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

1

## PARTIES

4.   Plaintiff is a 58 year-old natural person residing at 6239 Springfield Drive, Evansville, Indiana, which falls within the Southern District of Indiana.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a private Christina research university that offers "more than 110 graduate and undergraduate fields of study available on campus and online."[1]  Defendant's principal place of business is located at 1000 Regent University Drive, Virginia Beach, Virginia, but it regularly solicits consumers located in Indiana.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   In approximately January of 2017, Plaintiff began receiving calls from Defendant to his cellular phone, (812) XXX-6755.  *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 6755.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

11.  The phone number that Defendant most often uses to contact Plaintiff is (757) 352-4960. *See* Exhibit A.

---

[1] http://www.regent.edu/about-regent/

2

12.  Upon information and belief, the phone number ending in 4960 is regularly used by Defendant during its solicitation of consumers.

13. Plaintiff is unaware as to how Defendant received his information, but he may have inadvertently given it his cellular phone number while searching for other schools on the internet. *Id.*

14. When Plaintiff answers calls from Defendant, he often experiences a brief pause, lasting approximately three to four seconds in length, before a live representative begins to speak.  *Id.*

15. Upon speaking with one of Defendant's representatives, Plaintiff discovered that it was trying to solicit him to enroll for educational courses through it.  *Id.*

16. Plaintiff told Defendant's representative that he was not interested in its services and demanded that it stop calling him.  *Id.*

17. Plaintiff has told Defendant to stop calling him on a number of occasions.  *Id.*

18. Despite Plaintiff's demands, Defendant has continued to regularly call his cellular phone up until the date of the filing of this complaint.  *Id.*

19. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with some of the calls coming in just seconds apart from one another.  *Id.*

20. Plaintiff has received not less than 15 calls from Defendant since asking it to stop calling. *Id.*

21. As a disabled veteran of the Navy, Defendant's calls have increased Plaintiff's stress level and has worsened his physical condition.  *Id.*

22. Frustrated over the persistent phone calls, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23.   With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $65.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.  *Id.*

24.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26.   Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff.   The three to four second pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant's is instructive that an ATDS was being used.   Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

29. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent.  Plaintiff was never interested in Defendant's services and never consented to receive solicitation calls from Defendant through means of an ATDS.  Even if Plaintiff *may* have inadvertently consented to receive these calls, such permission was explicitly revoked by his numerous demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JOHN ELUFORD CHIVALIER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic solicitation efforts towards Plaintiff.

34.  The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227."  I.C. 24-5-0.5-3(b)(19).

35.  Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

36.  Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

37.  Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

38.  Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff.  Defendant was specifically notified by Plaintiff that he was not interested in its services and to stop contacting him.  Plaintiff never gave Defendant consent to contact his cellular phone via an ATDS, and any consent that he *may* have inadvertently given it was explicitly revoked by his numerous demands to cease contacting him.  However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to solicit business from him.

39. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS.  Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

40. Defendant also placed multiple phone calls to Plaintiff's cellular phone during the same day.  Placing numerous calls within a short window was abusive to Plaintiff.  Defendant intended to harass Plaintiff into submission by causing his phone to ring repeatedly.

41.  In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff.   Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

43.  Defendant's conduct is part an incurable deceptive act to which notice would not remedy.  Although unsuccessful, Plaintiff made countless attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 15 times after he told it to stop, shows that its behavior is incurable.

44. Defendant conducts the above described behavior on a wide and frequent basis.  This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

45. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 20 through 25, Plaintiff has suffered damages as a result of Defendant's unlawful solicitation practices, including

spending money on the purchase of a blocking application.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JOHN ELUFORD CHIVALIER respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 6, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Southern District of Indiana   Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                       900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                              Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                         (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          thatz@sulaimanlaw.com